IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANTRELL ALAN POSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | A-22-CV-1275-RP |
| | § | |
| MARY FARLEY, JAMES | § | |
| LAFAVERS, and TEXAS BOARD of, | § | |
| PARDONS and PAROLE, | § | |
| | § | |
| Defendants. | § | |

## AMENDED ORDER[1]

Before the Court is Plaintiff Dantrell Alan Posey's complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1), Defendants Mary Farley and James LaFavers's Motion for Summary Judgment (ECF No. 38), and Plaintiff's response (ECF No. 40). Posey is proceeding pro se and in forma pauperis. Upon review of the parties' pleadings, the Court dismisses Posey's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismisses Defendants' Motion for Summary Judgment.

## I. Factual Background

Posey's complaint and supplemental pleadings allege the following. Posey is currently confined to the Robertson Unit at the Texas Department of Criminal Justice--Correctional Institutions Division (TDCJ-CID) based on a 2013 murder conviction for which he was sentenced to 15 years imprisonment. Posey states that the Texas Board of Prisons and Parole (the Board) has mandated he complete a specialized treatment program—the Pre-Release Therapeutic Community (PRTC) program—in order for Posey to be fully rehabilitated. However, on February 20, 2022,

---

[1] This Amended Order corrects the Court's error in its prior order, also entered on November 20, 2023, in citing to "42 U.S.C. § 1915(e)(2)(B)" rather than "28 U.S.C. § 1915(e)(2)(B) on page 8.

Defendants Farley and LaFavers denied Posey's multiple requests to be admitted to PRTC program. Posey states the Board is the only entity who can admit Posey into the PRTC program and that Defendants' action denying him entry to the PRTC program endangers public safety because, without it, he will not be fully rehabilitated. Posey attached a document detailing the minutes from his first parole hearing on March 25, 2020, which shows Defendants Farley and LaFavers denying him parole and setting Posey's next parole review for February 20, 2022. Posey also attaches his Individualized Treatment Plan (ITP), dated November 28, 2021, which shows an "N" or "Need Identified" next to PRTC in the "Parole Voted" column." (ECF No. 29 at 8-10.)

Posey argues that Defendants' denial of the PRTC program violates his rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses, as well as his rights under the Eighth Amendment. He states he is not seeking monetary damages, but only a court order requiring the Board to admit him to the PRTC program.

Defendants move for summary judgment, arguing they are entitled to sovereign immunity because Posey's allegations fail to state a claim for under the Due Process Clause, Equal Protection Clause, or the Eighth Amendment; they are entitled to qualified immunity because Posey has failed to allege the violation of a constitutional right; and Posey lacks standing because he does not have a redressable injury. (ECF No. 38.) In response, Posey restates his allegations and challenges Defendants' jurisdictional arguments. (ECF No. 40.)

## II. Discussion & Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case if the Court determines that the action is (i) frivolous or malicious, (ii) fails to state claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist.'" *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28).

In evaluating whether a complaint states a claim under § 1915(e)(2)(B)(ii), this Court applies the same standards governing dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* FED. R. CIV. P. 12(b)(6); *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. The Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *See Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, a plaintiff's factual allegations must establish more than just the "sheer possibility" a defendant has acted unlawfully. *Id.*; *Twombly*, 550 U.S. at 555 (factual allegations must be enough to raise a right to relief above the speculative level). Determining a complaint's plausibility is a "context-specific task," but if the factual allegations do not point to more than "the mere possibility of misconduct" the complaint has failed to state a claim upon which relief can be granted. *Iqbal*, 566 U.S. at 679.

The Court construes a pro se plaintiff's allegations liberally, holding the plaintiff to "less stringent pleading standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a plaintiff's pro se status does not offer him an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (italics in original).

Posey argues the Board requires him to complete the PRTC program for full rehabilitation and provides his ITP in support of this allegation. He then argues that Defendants Farley and LaFavers denied his requests to be admitted into the PRTC program, thereby violating his Fourteenth Amendment rights to due process and equal protection, along with his rights under the Eighth Amendment.

To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must first identify a liberty or property interest that triggers the protections of the Fourteenth Amendment. A liberty interest can arise from either the Constitution itself or from an "expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners generally have no constitutionally-protected property or liberty interest in participating in rehabilitation programs. *Moody v. Doggett*, 429 U.S. 78, 88 n.9 (1976); *Bulger v. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Further, under the Texas Administrative Code, it is only after the Board determines the totality of the circumstances favor an offender's release on parole that the Board transfers offenders into the PRTC program. *See* 37 Tex. Admin. Code

§ 145.12(4)(G) (Tex. Bd. of Pardons & Parole, Action Upon Review).[2] Here, the Board did not determine that the totality of the circumstances favored Posey's release on parole; rather, it denied him parole and set his next review for February 20, 2022. According to public records, the Board again denied Posey parole on February 20, 2022, citing as reasons his criminal history, the nature of the offense, the involvement of drug or alcohol, and Posey's adjustment during prior periods of supervision.[3] Accordingly, because Posey has failed to identify a liberty or property interest in the PRTC program, he has failed to state a claim for a procedural due process violation.

Posey next argues that Defendants violated his substantive due process rights by not admitting him to the PRTC program. The Fourteenth Amendment's Due Process Clause "bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). To state a substantive due process claim, Posey must demonstrate that Defendants "acted with culpability beyond mere negligence." *McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002). The Supreme Court has emphasized that "'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" (*Id.*) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Posey's pleadings do not support a claim for a substantive due process violation. His argument that Defendants acted arbitrarily in denying him entry to the PRTC program is not the sort of "egregious official conduct" that would demonstrate a substantive due process violation. This claim also fails as a matter of law.

---

[2] In addition to the facts alleged in the pleadings, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 at n.9 (5th Cir. 2007).

[3] *See* Parole Review Information for Dantrell Alan Posey, https://inmate.tdcj.texas.gov/InmateSearch/reviewDetail.action?sid=08979547&tdcj=01888853&fullName=POSEY%2CDANTRELL+ALAN (last visited Nov. 20, 2023).

Posey next claims that Defendants' actions violate his rights to equal protection of the law. The Fourteenth Amendment's Equal Protection Clause commands that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state an equal-protection claim, Posey must allege and prove purposeful discrimination by the defendants resulting in a discriminatory effect among persons similarly situated. *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). "[D]isparate impact alone cannot suffice to state an Equal Protection violation; otherwise, any law could be challenged on Equal Protection grounds by whomever it has negatively impacted." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (citation omitted). However, Posey fails to identify any class of similarly situated individuals who are being treated differently, i.e., who are being admitted into the PRTC program despite not being approved for parole. Posey's equal-protection claim therefore fails to state a claim upon which relief can be granted.

Posey last claims that Defendants are violating his Eighth Amendment rights by denying him treatment. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and 'must take reasonable measures to guarantee the safety of the inmates.'" *Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

To establish a violation of his Eighth Amendment rights, Posey must first show that "the alleged deprivation was objectively serious, exposing him to a substantial risk of harm and resulting in the denial of the minimal civilized measure of life's necessities." *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019) (citation and quotations omitted). He must then show that the defendants possessed a "sufficiently culpable state of mind," which, in the context of prison cases,

"is one of deliberate indifference to inmate health or safety" *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (citing *Farmer*, 511 U.S. at 834). A prison official exhibits deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The Fifth Circuit has recognized that the Eighth Amendment does not require prison officials to provide inmates with rehabilitation programs. *See Newman v. State of Alabama*, 559 F.2d 283, 291 (5th Cir. 1977) ("Failure of prison authorities to provide a rehabilitation program, by itself, does not constitute cruel and unusual punishment.") (citation omitted), *rev'd in part on other grounds by Alabama v. Pugh*, 438 U.S. 781 (1978)). Posey therefore fails to state a claim under the Eighth Amendment.

Finally, to the extent Posey seeks admittance to the PRTC program in order to hasten his release on parole, under Texas law, a prisoner does not have a liberty interest in parole or a constitutional expectancy of early release on parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (no liberty interest in parole in Texas); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (no right to be released on parole in Texas).

### III. Conclusion

Posey's complaint and pleadings fail to state a claim for a violation of his constitutional rights and must be dismissed pursuant to § 1915(e)(2)(B). As a result, Defendants Farley and LaFavers motion for summary judgment is dismissed.[4]

---

[4] The Court also notes several deficiencies in Defendants' summary judgment motion. Specifically, Defendants assert their entitlement to qualified immunity, despite Posey not requesting money damages. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) ("Qualified immunity shields ... state officials from money damages unless a plaintiff pleads

It is therefore **ORDERED** that Posey's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further **ORDERED** that Defendants Farley and LaFavers's Motion for Summary Judgement (ECF No. 38) is **DISMISSED**.

**SIGNED** this 20th day of November, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.") Defendants further assert their entitlement to sovereign immunity, despite Posey citing specific constitutional violations in his supplemental pleadings. *See Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 646 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (quotations and citations omitted)). Finally, Defendants' argument that Posey lacks standing to bring his claims is unpersuasive given the Board's authority under § 145.12(4)(G) of Title 37 of the Texas Administrative Code to order Posey to complete the PRTC program prior to being released on parole.